318 So.2d 478 (1975)
A.D.T., a Minor, Appellant,
v.
STATE of Florida, Appellee.
No. X-330.
District Court of Appeal of Florida, First District.
August 28, 1975.
*479 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
The sole issue raised by this appeal is whether the correct procedure was employed when the juvenile court waived its jurisdiction and certified the appellant, the juvenile defendant below, for trial as an adult.
Appellant was charged by indictment on November 22, 1974, with one count of disorderly intoxication and three counts of resisting arrest with violence. The same day a motion for waiver of jurisdiction and certification was filed in the juvenile court. At the hearings held on the motion, defense counsel moved for dismissal on the grounds that a petition alleging delinquency had not been filed and, in the alternative, that the motion requesting certification of the child for trial as an adult had not been timely filed. In denying these motions, the Circuit Court permitted the indictment to substitute for the petition alleging delinquency and allowed the State to make certain amendments thereon in order to comply with Rule 8.070, R.J.P.[1]
Appellant now alleges that the trial court erred in allowing the grand jury indictment, as amended, to substitute for a delinquency petition. The language found in F.S. 39.09(2)(a) seems to require the filing of a delinquency petition in a case where the State Attorney intends to seek waiver of juvenile court jurisdiction.[2] It should also be noted that in addition to requiring the filing of a delinquency petition, the statute also requires the waiver motion to be filed within five days of the filing of the delinquency petition.
The State argues that the foregoing provisions were designed merely for the purposes of informing the child and his parents of the nature of the charge and allowing adequate time in which to prepare a defense. If a petition submitted pursuant to Rule 8.070, R.J.P., satisfies the due process requirements, why, the State rhetorically asks, may not an indictment initiated by a grand jury likewise afford due process? In so narrowly defining the purposes of the statutes and rules applicable to juveniles, the State has overlooked the true issue.
The State of Florida, as well as most if not all other states of the Union, has long recognized that juveniles constitute a special and distinct class of citizens, with particularized needs to be afforded unique treatment by the state. Relevant are the purposes of the chapter of the Florida Statutes relating to the judicial treatment of juveniles as expressed by the Florida *480 Legislature in F.S. 39.001. The four purposes listed are:
"(1) To protect society more effectively by substituting for retributive punishment methods of training and treatment directed toward the correction and rehabilitation of children who violate the laws;
"(2) To assure to all children brought to the attention of the courts, either as a result of their misconduct or because of neglect or mistreatment by those responsible for their care, the care, guidance and control, preferably in each child's own home, which will conduce to the child's welfare and the best interests of the state;
"(3) To assure that a child removed from the control of the child's parent shall receive care, custody, and discipline as nearly as possible equivalent to that which should have been given to the child by the parent and, in all cases in which a child must be permanently removed from the custody of his parents, that the child be placed in an approved family home and be made a member of the family by adoption; and
"(4) To provide procedures through which the provisions of the law are executed and enforced which will assure the parties fair hearings at which their rights as citizens are recognized and protected."
In light of the above-mentioned statements of the legislative intent, the error of the learned Circuit Judge in allowing a grand jury indictment to be amended and used as a substitute for a delinquency petition becomes clear. In only one instance is such a substitution permitted. F.S. 39.02(5)(c) indicates that a juvenile court will lose jurisdiction when the child is charged by grand jury indictment with a violation of Florida law punishable by death or by life imprisonment. Applying the maxim of expressio unius est exclusio alterius, we conclude that had the legislature intended for an indictment to be used in the place of a delinquency petition in any other situations, it would have so provided.
Although not assigned as error, we question the allowing of the amendments to the indictment. It seems to us that an indictment is the final work product of a grand jury which is a vital and independent part of the criminal adjudicatory process. While we do not reverse on this point, we do question the propriety of allowing the State Attorney to amend the indictment which appears to be properly the function of the grand jury itself.
Having found that the proper procedure for waiving the jurisdiction of the juvenile court was not employed in this case, we reverse and remand for further proceedings consistent herewith.
Reversed and remanded.
RAWLS and McCORD, JJ., concur.
NOTES
[1] Rule 8.070 provides for the contents of a delinquency petition, including the relevant facts, the identity and residence of the parent or legal custodian, the provision of law which the child is alleged to have violated, and the manner in which the petition is to be styled, verified, and amended.
[2] F.S. 39.09(2)(a) provides: "The state attorney may, within five days of the date a delinquency petition has been filed and before a hearing on the petition on its merits, and following consulation with the intake officer, file a motion requesting the court to transfer the child for criminal prosecution if the child was fourteen or more years of age at the time of the conduct charged and is alleged to have committed an act which would be in violalation of law if committed by an adult."